JAMES McLIN v. CITY OF NEWBERN.

The Act of 1791, chap. 31, sec. 1, empowering the Commissioners of the City of Newbern to levy taxes, among other specific purposes, "for such other good purposes as the said Commissioners may judge necessary," and the Act of the special session of 1866, chap. 4, sec. 3, empowering the Mayor and Council of said City "by all needful ordinances, rules and regulations, to secure order, health and quiet within the same, and for one mile around," confer on the municipal authorities sufficient power to repair and build guard houses or jails.

(The case of *Smith* v. *City of Newbern*, post page 14 cited and approved.)

CIVIL ACTION tried before *Clarke, J.*, at the Fall Term, 1873, of the Superior Court of CRAVEN county.

The case, as settled by counsel and transmitted with the record to this Court, is as follows :

"This was a petition for an alternative *mandamus*, granted by his Honor, Judge Clarke, at the Fall Term, 1871, of said Court, to compel the Mayor and Board of Councilmen of said city to levy a tax to pay a certificate of indebtedness issued by said city to McLin & Wood, and assigned to plaintiff, a copy of which is as follows, to-wit:

OFFICE OF THE BOARD OF COMMISSIONERS,
NEWBERN, N. C., January 31st, 1866.

No. 17.

This is to certify that the town of Newbern is indebted to McLin & Wood in the sum of three hundred and thirty-one dollars and twenty-seven cents, as per account, audited and approved by the Mayor and Board of Commissioners.

J. T. HOUGH, Mayor.

Registered fol. 2, page 2.
JNO. M. HARGET, City Clerk.

Upon cross-examination, the plaintiff admitted that the said

certificate was issued in payment of certain articles, specified in the bill annexed, marked A. This evidence was objected to by plaintiff, but admitted by the Court.

Among the articles charged are the following: *      *

*      *      * which were rendered for the purpose of repairing a city jail or guard house, which had been turned over by the military to the municipal authorities.

Defendant asked his Honor to charge that the city had no power under the charter to repair a jail or guard house, and that plaintiff could not recover for value of said gratings. This was refused, and his Honor charged that it was for defendant to show that it had no such power and that said certificate was improperly issued.

Verdict and judgment for plaintiff. Rule for a new trial, granted and discharged. Appeal by defendant.

Defendant alleges that his Honor erred in refusing the instructions asked by defendant's counsel, and giving those above set forth "

*Seymour*, for appellant.
No counsel *contra* in this Court.

Bynum, J. This case is governed by that of *Smith* v. *the city of Newbern*, decided at the present term of this Court.

In a city of the commercial character and population of Newbern, it would be difficult and extremely inconvenient duly and efficiently to administer the public powers and ordinances of the corporation without the aid and benefit of a guard house or jail. In addition to the section of the charter set forth in the opinion before referred to, chapter 31, section 1, acts of 1791, being "an act for the further regulation of the town of Newbern," vests in the corporation the power to levy taxes for specific purposes, "and for such other good purposes as the said commissioners may judge necessary;" and chapter 4, section 3, acts of the special session of 1866, to reorganize the government of the city of Newbern, vests in the mayor

and council the power "by all needful ordinances, rules and regulations to secure order, health and quiet within the same and for one mile around."

It would therefore seem that these several provisions for the good government of the city confer sufficient power to build a guard house, and certainly to repair and preserve one already built, as is the case here.

His Honor was asked by the defendant to instruct the jury that the plaintiff could not recover because the city had no power under the charter to repair the jail or guard house, which instruction his Honor refused to give, but charged the jury, that it was for the defendant to show that it had no such power, to which charge the defendant excepted.

As the verdict and judgment were for the plaintiff, and as in law he was entitled to recover, no exception to the charge can avail the defendant.

PER CURIAM.                                    Judgment affirmed.